```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JERRY ROBERTSON, et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:08-1429

AMERICAN BANKSHARES, INC.,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc., to stay this case pending the exhaustion of administrative remedies.  (Doc. # 8).  Plaintiffs have not filed a response in opposition to the FDIC's motion.  For reasons expressed more fully below, the motion is GRANTED.

## Background

On June 15, 2007, plaintiffs filed this civil action in the Circuit Court of McDowell County against various defendants, including Ameribank, Inc., pursuing claims for constructive discharge, age discrimination, and gender discrimination.  On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.  Subsequent to its appointment as Receiver, on December 17, 2008, the FDIC removed the case to this court.  The court granted the FDIC's motion to stay, pursuant to 12 U.S.C. § 1821(d)(12)(B), and this action was stayed until June 3, 2009.

The instant motion to stay followed.

## Analysis

In the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as Receiver for a failed financial institution and special powers to carry out that function.  FIRREA also "sets forth a detailed series of rules under which all claims involving an insolvent institution are received and handled."  Brady Development Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1002 (4th Cir. 1994) (citing 12 U.S.C. § 1821(d)).

> Congress required persons making claims against a failed financial institution or seeking to adjudicate rights against them to present their claims first to the receiver for resolution.  More specifically, under 12 U.S.C. § 1821(d), a claimant must present his claim to the receiver for an initial determination of whether the claim should be allowed within 90 days of the publication of notice by the receiver.

Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).  The Fourth Circuit has "held that a plaintiff's failure to exhaust the administrative process deprives the courts of subject matter jurisdiction."  Id.

The FDIC has moved for a stay in order to allow plaintiffs an opportunity to exhaust their administrative remedies.  Because of the mandatory nature of the administrative claims process, a stay is warranted to allow plaintiffs the opportunity to participate in the process.

## Conclusion

For the reasons discussed above, the motion to stay is GRANTED and this proceeding is stayed until further Order of the court. Counsel for the FDIC is to inform the court when the time for the administrative claims process applicable to this case has expired.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 9th day of December, 2009.

ENTER:

David A. Faber
Senior United States District Judge