```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**JERRY ROBERTSON, et al.,**

    **Plaintiffs,**

v.                                      CIVIL ACTION NO. 1:08-1429

**AMERICAN BANKSHARES, INC.,**
**et al.,**

    **Defendants.**


## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to dismiss filed by defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc. (Doc. # 11). For reasons expressed more fully below, that motion is GRANTED.

## Background

On June 15, 2007, plaintiffs filed this civil action, in the Circuit Court of McDowell County, against various defendants, including Ameribank, alleging that defendants constructively discharged plaintiff Bonnie Robertson and discriminated against her on the basis of her age and gender. See Complaint generally. On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.

Pursuant to 12 U.S.C. § 1821(d)(3)(B)(i) and (ii), the FDIC published notice of its appointment to all creditors of Ameribank in various publications, including The Welch News, a newspaper in McDowell County, West Virginia, on September 26, 2008; October

27, 2008; and November 26, 2008.  See Exhibit A to FDIC's Motion to Dismiss.  These notices also advise creditors of Ameribank to submit all claims to the Receiver by the Claims Bar Date of December 26, 2008.  Id.

On December 17, 2008, the FDIC filed a Motion to Substitute, in the McDowell County Circuit Court,  seeking to substitute the FDIC as Receiver for Ameribank.  On that same day, the FDIC removed the case to federal court.  On January 20, 2009, the FDIC moved to stay this action for a period of 90 days, pursuant to the statutory stay provisions of 12 U.S.C. § 1821(d)(12)(A)(ii).  That motion was granted on May 7, 2009, and the case was stayed until June 3, 2009.

During this stay, the FDIC mailed a Notice of Discovered Creditor and Proof of Claim Form to plaintiffs, care of their attorney, on May 14, 2009.  See Exhibit B to FDIC's Motion to Dismiss.  In the Notice to Discovered Creditor, the FDIC states that it published notice in The Welch News and The Times Leader that any claims against Ameribank must be filed with the FDIC by the Claims Bar Date of December 26, 2008.  The Notice further stated, however, that if a Claimant could satisfy certain statutory exceptions contained in 12 U.S.C. § 1821(d)(5)(C), the

Case 1:08-cv-01429   Document 15   Filed 02/06/12   Page 3 of 9 PageID #: 250

Receiver may consider a late-filed claim.[*]  Id.  The Notice gave Wright a deadline of August 12, 2009, to file a claim.  Id.

In response to the Notice, plaintiffs filed their Proof of Claim with the FDIC prior to August 12, 2009.  See Exhibit C to FDIC's Motion to Dismiss.  The only supporting documentation offered with respect to the Proof of Claim was a copy of plaintiffs' Complaint.  See id.  As to any lack of notice of the appointment of the Receiver, plaintiffs' counsel provided the following statement:

> I, Lacy Wright, Jr., hereby state, based upon information and belief, that The Welch News in Welch, McDowell County, West Virginia, only publishes three (3) days per week.  Additionally, I am unfamiliar with The Times Leader, and state emphatically that if this is a newspaper, it has a circulation of less than 100 in McDowell County, West Virginia.

---

[*] Specifically, the Notice stated:

However, for the Receiver to consider your claim, you must prove to the Receiver's satisfaction that you did not have knowledge of the appointment of the Receiver in time to file a claim before the Claims Bar Date. Therefore, you must do ALL of the following:

- Complete the enclosed Proof of Claim Form

- Sign the Proof of Claim Form

- Provide supporting documentation both regarding your claim and your lack of knowledge of the appointment of the Receiver (for example, evidence that someone was on active military duty stationed overseas at the time of the appointment of the Receiver)

Exhibit B to FDIC's Motion to Dismiss.

3

> Therefore, I, Lacy Wright, Jr., feel that insufficient notice was given to all those, including myself, who might have a claim against Ameribank, Inc., and/or American Bancshares, Inc.

Id. Significantly, counsel's statement does not state that plaintiffs were unaware of the FDIC's appointment as Receiver prior to the Claims Bar Date.

In its motion to dismiss, the FDIC argues that the court lacks subject matter jurisdiction over plaintiffs' complaint as to it based on plaintiffs' failure to pursue its administrative remedies. Plaintiffs contend that they never saw the notices published in the newspapers. See Plaintiffs' Memorandum in Opposition to FDIC's Motion to Dismiss at p. 2 (hereinafter "Plaintiffs' Memo at ___"). Plaintiffs also contend that the failure of the FDIC to provide them with timely written notice, pursuant to 12 U.S.C. § 821(d)(3)(C), should excuse their failure to file a timely proof of claim.

## Analysis

"[The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA")] was enacted in 1989 as an emergency measure to enable the RTC and the Federal Deposit Insurance Corporation ("FDIC") to resolve and liquidate expeditiously the hundreds of failed financial institutions throughout the country." Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994). Section 1821(d) of FIRREA sets forth an administrative process for the receiver of a failed financial

4

institution to settle claims against the institution and liquidate its assets." 12 U.S.C. § 1821(d); Elmco Properties, Inc. v. Second National Federal Savings Assoc., 94 F.3d 914, 919 (4th Cir. 1996); see also Brady Development Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1002 (4th Cir. 1994) (FIRREA "sets forth a detailed series of rules under which all claims involving an insolvent institution are received and handled.") (citing 12 U.S.C. § 1821(d)).

> Upon becoming receiver, the RTC [or FDIC] must promptly publish notice to the institution's creditors that they must present their claims before a certain date - - the "bar date" - - which is to be at least ninety days after publication of the notice. § 1821(d)(3)(B)(i). Furthermore, the RTC must mail a similar notice to (1) creditors appearing on the institution's books, and (2) claimants not appearing on the books but whose names and addresses the RTC later discovers.

Elmco Properties, 94 F.3d at 919. "Congress required persons making claims against a failed financial institution or seeking to adjudicate rights against them to present their claims first to the receiver for resolution. More specifically, under 12 U.S.C. § 1821(d), a claimant must present his claim to the receiver for an initial determination of whether the claim should be allowed within 90 days of the publication of notice by the receiver." Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).

After a claim is submitted, the receiver has 180 days from the date of filing to allow or disallow the claim. 21 U.S.C.

§ 1821(d)(5)(A)(i). If the FDIC disallows the claim or fails to make a determination within 180 days, the claimant may seek judicial review. <u>Elmco Properties</u>, 94 F.3d at 919.

> But, unless a claim is first presented to the RTC for resolution, no court has jurisdiction over it. These provisions combine to create an exhaustion requirement that, [the Fourth Circuit has] concluded, is "absolute and unwaivable." Importantly, FIRREA does not allow waiver of the exhaustion requirement even for claimants to whom the [FDIC] failed to mail the required notice of the claims process and bar date.

<u>Id.</u> The Fourth Circuit has "held that a plaintiff's failure to exhaust the administrative process deprives the courts of subject matter jurisdiction." <u>Tillman v. Resolution Trust Corp.</u>, 37 F.3d 1032, 1035 (4th Cir. 1994).

Courts make a distinction between the consequences of a receiver's failure to notify a claimant of its appointment as receiver and the receiver's failure to mail the notice required by 21 U.S.C. § 1821(d)(3)(C).

> One exception exists to the rule presented in 12 U.S.C. § 1821(d)(5)(C)(i). Section 1821(d)(5)(C)(ii) provides that if a claimant establishes that she did not receive notice of the appointment of the receiver in time to file her claim before the bar date, a receiver may consider her late-filed claim. [Claimants] have never alleged that they were not aware of the appointment of a receiver; they alleged in their filing of claim with the FDIC only that they had no notice of a time bar to their filing a claim . . . . This contention does not suffice:
>
>> By its terms . . . the exception [in § 1821(d)(5)(C)(ii) ] only applies to claimants who do not receive notice of the fact of the appointment of a receiver. The exception makes no reference to claimants who are aware

6

> of the appointment of a receiver but who do not receive notice of the filing deadline. Therefore, a claimant's assertion that he or she was not made aware of the filing deadline, as distinct from an assertion that the claimant was not aware of the fact of receivership, does not bring the claimant within the exception.

FDIC v. Atchison & Keller, 913 F. Supp. 19, 25 (D.D.C. 1996) (quoting McLaughlin v. FDIC, 796 F. Supp. 47, 49 (D. Mass. 1992) (internal citations omitted)).

Fatal to plaintiffs' argument herein, the courts have made clear that the FDIC's failure to mail notice of the bar dates does not excuse a plaintiff from exhausting its administrative remedies. RTC Mortg. Trust 1994-N2 v. Haith, 133 F.3d 574, 579 (8th Cir. 1998) ("The only exception to the strict requirement of exhaustion of remedies, [is] where the claimant does not receive notice of the appointment of the receiver in time to file his claim. This exception will only apply to the appellants if they did not receive notice of the fact of the appointment of a receiver. The exception does not apply to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline.") (citations omitted); Intercontinental Travel Marketing, Inc. v. FDIC, 45 F.3d 1278, 1284-86 (9th Cir. 1994) ("While this section seems to make the mailing requirement imperative for the FDIC, the statute imposes no consequence on the FDIC for failure to do so.").

7

In Elmco, one of the chief cases upon which plaintiffs rely,[**] the Fourth Circuit accepted a claimant's argument that the dismissal of its claim based on failure to exhaust violated the claimant's right to due process where the claimant had no knowledge of the failed financial institution's entry into receivership. Elmco Properties, 94 F.3d at 921-22. In so ruling, the Elmco court acknowledged that a claimant "may not complain of its lack of formal notice if it actually knew enough about the situation to place it on `inquiry notice' as to the details of the administrative process." Id. ("Accordingly, if Elmco had timely, actual knowledge that FSA had entered receivership, its due process argument might be defeated by its own failure to act on that knowledge to protect its rights."). According to the Elmco court, "a claimant's knowledge that a bank has entered receivership triggers such inquiry notice." Id.

The instant case is distinguishable from Elmco because the record makes clear that plaintiffs had actual knowledge of the receivership. On October 3, 2008, the FDIC sent a letter to plaintiffs' counsel, Lacy Wright, in an unrelated matter which

---

[**] The other case upon which plaintiffs rely is Greater Slidell Auto Auction v. American Bank & Trust Co., 32 F.3d 939, 942 (5th Cir. 1994). For the reasons expressed in Greater Slidell's dissent, 38 F.3d 180, which acknowledges that the majority opinion is at odds with the Fourth Circuit's holding in Brady Development Co. v. RTC, 14 F.3d 998, 1005 (4th Cir. 1994), the court does not find the reasoning of the majority opinion persuasive herein.

8

began: "As you know, the FDIC formally closed Ameribank effective Friday, September 19, 2007. As such, your landlord under the above referenced lease is now the FDIC as Receiver for Ameribank, Inc." See Exhibit F to FDIC's Motion to Dismiss. In addition, the notice of removal and motion to substitute the FDIC as receiver for Ameribank, filed on December 17, 2008, also put plaintiffs on notice of the receivership before the claims bar date of December 26, 2008.

Because the plaintiffs had notice of the FDIC's appointment as Receiver of Ameribank prior to the Claims Bar Date and failed to file a claim before expiration of that date, this court is without jurisdiction to consider plaintiffs' claims against the FDIC as Receiver for Ameribank.

## Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 6th day of February, 2012.

ENTER:

David A. Faber
Senior United States District Judge