```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

JERRY ROBERTSON, et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:08-1429

AMERICAN BANKSHARES, INC.,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 15, 2007, plaintiffs filed this civil action in the Circuit Court of McDowell County against various defendants, including Ameribank, Inc., pursuing claims for constructive discharge, age discrimination, and gender discrimination. On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver. Subsequent to its appointment as Receiver, on December 17, 2008, the FDIC removed the case to this court. The court granted the FDIC's motion to stay, pursuant to 12 U.S.C. § 1821(d)(12)(B), and this action was stayed to allow plaintiffs to exhaust their administrative remedies.

Thereafter, by Memorandum Opinion and Order entered on February 6, 2012, the court granted the motion to dismiss filed by defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc. and the FDIC was dismissed as a party in this case. Inadvertently, the court neglected to lift

the stay.  Furthermore, plaintiffs' claims against the remaining defendants have not been resolved.

Where a case has been removed to federal court, the district court must remand it to state court if it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Once the FDIC was dismissed as a party herein, the court's basis for federal question subject matter jurisdiction under 12 U.S.C. § 1819(b)(2) no longer existed.  See Rogers Mantese & Assoc. v. Corp. One, Inc., 929 F. Supp.2d 731 (E.D. Mich. 2013).[*]

Furthermore, as to the court's supplemental jurisdiction under 28 U.S.C. § 1367(c), it declines to exercise it herein.  According to that statute:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[*] The court recognizes the split of authority on this issue discussed in the Rogers Mantese opinion.  However, for all the reasons discussed in that decision, the court finds the Rogers Mantese reasoning to be persuasive.

For all the reasons discussed in the <u>Rogers Mantese</u> case, the court declines to exercise its supplemental jurisdiction.

Accordingly, the court hereby **ORDERS** the stay herein **LIFTED** and this case is **REMANDED** to the Circuit Court of McDowell County, West Virginia.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record and to forward a certified copy of the same to the Clerk of the Circuit Court of McDowell County, West Virginia.

**IT IS SO ORDERED** this 12th day of January, 2016.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge